# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CHAD E. GUESS                                                                             PLAINTIFF

V.                       No. 5:19-CV-00360-JM-JTR

WELLPATH, LLC; *et al.*                                           DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Plaintiff Chad E. Guess ("Guess") filed this *pro se* § 1983 action alleging that, while he was a prisoner at the Tucker Unit of the Arkansas Division of Correction ("ADC"), Defendants WellPath, Dentist Joshua Farr ("Farr"), Medical Administrator Carol Chisom ("Chisom"), Physician Assistant Uchenna Onyia-

Murphy, ("Onyia-Murphy"), Medical DON Melissa Moore ("Moore"), Superintendent/Warden Joe Page ("Page"), Assistant Superintendent Thomas Hurst ("Hurst"), and Dental Assistant Jane Doe ("Doe") violated his constitutional rights. *Doc. 13*.

More particularly, Guess alleges that, on July 23, 2019, his right leg was "cut to the bone" by a heavy stainless steel sheet that he and another inmate were carrying. Farr, a dentist, and his assistant, Doe, stitched up Guess's wound. Guess alleges that: (1) Farr and Doe were not qualified to evaluate and stitch his wound and should have sent him to the emergency room; (2) Onyia-Murphy, a physician's assistant, refused to touch him; and (3) Moore and Chisom rejected his grievances about the matter. Finally, Guess alleges that because Page and Hurst, as prison administrators, are notified of all emergencies in the prison, they are also liable for the other Defendants' violations of his constitutional rights. As relief, he seeks compensation and evaluation by an orthopedic surgeon.

The Court allowed Guess to proceed with his § 1983 individual capacity claims against Defendants Farr, Doe, Murphy, Doe. WellPath, Chisom, Moore, Page and Hurst.[1] *Doc. 12*.

On July 2, 2020, Defendants Hurst and Page filed a Motion to Dismiss for

---

[1] Farr has not been served. Doe has not been identified or served. The Court recently entered an Order giving Guess additional time to provide valid service addresses so both Defendants could be served. *Doc. 52*.

failure to state a claim, along with a supporting brief. *Docs. 24-25*. Guess filed a Response. *Doc. 32*.

On July 21, 2020, Defendants Chisom, Moore and Wellpath filed a Motion for Summary Judgment for Want of Administrative Exhaustion, a Brief in Support and a Statement of Undisputed Facts. *Docs. 29-31*. Guess filed a Response opposing summary judgment. *Doc. 34*.

On January 16, 2021, Defendant Onyia-Murphy filed a Motion for Summary Judgment for Want of Administrative Exhaustion, a Brief in Support and a Statement of Undisputed Facts. *Docs. 48-50*.[2] Guess did not file a Response opposing summary judgment, and the time to do so has now passed.

For the reasons explained below, the Court recommends that: (1) Hurst's and Page's Motion to Dismiss, based on Guess's failure to state a claim, be granted; (2) Both Motions for Summary Judgment, based on Guess's failure to exhaust administrative remedies, be granted as to Chisom, Moore, WellPath, and Onyia-Murphy; and (3) Even though Farr and Doe have not yet been served they also should be dismissed based on Guess's failure to exhaust administrative remedies against them.

---

[2] The second Motion for Summary Judgment, *Doc. 48*, challenging Guess's failure to exhaust administrative remedies is virtually identical to the first Motion for Summary Judgment, *Doc. 29*. Because the arguments and the supporting evidence is the same for both motions, the Court considers the Motions together.

## II. Discussion

**A.     Hurst's and Page's Motion to Dismiss For Failure to State A Claim**

Guess alleges that Hurst and Page "are notified of all emergencies being the superintendent of Tucker Unit." *Doc. 1 at p. 7*. These conclusory, unsubstantiated, and passing allegations against Hurst and Page do not support a plausible inference that either of them, acting in their individual capacity, was deliberately indifferent to Guess's serious medical need. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (complaint must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Nelson v. Shuffman,* 603 F.3d 439, 448 (8th Cir. 2010) (for deliberate indifference claim, inmate must show he suffered objectively serious medical need that prison officials actually knew of but deliberately disregarded).

To the extent that Guess seeks to hold Hurst or Page liable because of their supervisory positions, it is well settled that a supervisor may not be held vicariously liable, in a § 1983 action, for the constitutional violations of a subordinate. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) (holding that "vicarious liability is inapplicable to … § 1983 suits"); *Saylor v. Nebraska,* 812 F3.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the

supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"); *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) (to establish supervisory liability, prisoner must allege "specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that "[i]t is well settled that *respondeat superior* is not a basis for liability" under § 1983; and the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Because Guess has not pled any facts supporting a plausible § 1983 claim against either Page or Hurst, the Court recommends that their Motion to Dismiss be granted and that Guess's claims against them be dismissed, without prejudice.

### B. Remaining Defendants' Motions for Summary Judgment Based on Guess's Failure to Exhaust Administrative Remedies[3]

#### 1. The Exhaustion Requirement

---

[3] The summary judgment motion papers filed by Chisom, Moore, and WellPath (*Docs. 29-31*) are virtually identical to the summary judgment motion papers filed by Onyia-Murphy (Docs. 48-50) and were prepared by the same counsel.

The Prison Litigation Reform Act ("PLRA") calls for prisoners to exhaust their administrative remedies *before* filing a § 1983 action: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies *as to each claim* in the complaint; and (2) complete the exhaustion process *before* initiating the §1983 action. *Jones,* 549 U.S. at 211, 219-20, 223-24; *Woodford*, 548 U.S. at 93-95; *Burns v. Eaton,* 752 F.3d 1136, 1141-42 (8th Cir. 2014). Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and

properly comply with the exhaustion requirements *of the incarcerating facility* before filing suit.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver; (2) a "Step Two" formal grievance raising that claim; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director. *Doc. 30-1, Ex. A at pp. 5-13* (ADC Adm. Dir. 14-16 § IV(E) through (G)).[4] The ADC's exhaustion policy requires that, in connection with each claim, an inmate must "*specifically name each individual involved*," and must include a "brief statement that is specific as to the substance of the issue or complaint to include the date, place [and] *personnel involved* or witnesses." *Id., Ex. A at pp. 6-8,* (§§ IV(C)(4) & (E)(2)) (emphasis added).

The grievance forms themselves repeat these instructions to ensure prisoners are aware of them. *See*, *e.g.*, *Doc. 30-4 at p. 4* ("[B]e specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected."). Finally, the ADC's exhaustion policy cautions prisoners that they "must fully exhaust the grievance prior to filing a lawsuit, and that, failure "to name all parties during the

---

[4] Defendants have attached copies of three Inmate Grievance Policies in effect during the three-year period preceding the filing of the Complaint. *See Doc. 30*, Exhibits A (ADC Adm. Dir. 14-16); Exhibit B (ADC Adm. Dir. 19-20); and Exhibit C (ADC Adm. Dir. 19-34). As described in the Statement of Facts, all three policies contain the same substantive exhaustion requirements. *See Doc. 30 at ¶¶ 3-8.*

7

grievance process may have their lawsuit or claim dismissed by the court … for failure to exhaust against all parties." *Doc. 30-1, Ex. A at pp. 4-5* (§ IV(C)(4)).

### 2. Guess's Grievances Related to His Claims Against Farr, Chisom, Moore, WellPath, and Onyia-Murphy[5]

In Grievance TU-19-00703, Guess complained that Farr, a dentist, was not qualified to stitch up the knee wound after the accident. He claims that some other unidentified medical provider (possibly the Doe Defendant) should have sent him to a physician at the Tucker Unit or the emergency room of a hospital. *Docs. 30-4 and 49-4 at pp. 1-4*. In Grievance TU-19-00875, Guess complained that Farr, Chisom, and Moore filed a medical report that falsely stated that the laceration to his knee was only 1 to 2 cm deep and 7 to 8 cm long when, in fact, the laceration was "to the bone" and at least 16 cm long. *Docs 30-4 and 49-4 at pp. 15-16*. In Grievances TU-19-00928 and TU-19-00937, Guess complained that he was retaliated against for filing grievances related to his knee injury. *Docs 30-4 and 49-4 at pp. 23, 26*. These four grievances are the *only grievances* potentially relevant to establishing that Guess exhausted his administrative remedies with respect to the claims he is asserting in this lawsuit.[6]

---

[5]Guess does not identify Onyia-Murphy by name in any of his grievances.

[6]Defendants submitted the medical grievances (seven in total) that Guess filed between November 20, 2016 and November 20, 2020. However, three of those grievances are *not relevant* to the claims asserted in this lawsuit. *See* Grievance TU-19-00776 (alleging he was refused medical treatment on September 3, 2019); Grievance TU-19-00845 (complaining that his request

Defendants Chisom, Moore, Wellpath and Onyia-Murphy argue that Guess failed to fully exhaust his administrative remedies against any of them *before* he filed this lawsuit.[7] In Guess's Response (*Doc. 34*), he does not address the substance of Defendants' exhaustion argument or controvert any of the facts contained in the Defendants' Statements of Undisputed Facts. Those facts establish that Guess failed, in any of the four potentially relevant grievances he filed, to exhaust his administrative remedies regarding any of the claims he is asserting against Defendants in this action. Accordingly, all of Guess's claims against Defendants Chisom, Moore, WellPath, and Onyia-Murphy should be dismissed, without prejudice.

### (a) Grievance TU-19-00703 was untimely

On August 19, 2019, Guess filed a Step One informal resolution, later designated Grievance TU-19-00703. He grieved the fact that his knee wound was evaluated and stitched up Dr. Farr, instead of "a [medical] doctor." *Doc. 30-4 at p. 4*. At Step Two, medical staff ruled that Guess's grievance was without merit

---

to review his medical jacket was denied); and Grievance TU-19-00849 (disagreeing with medical treatment provided to him by Nurse Hoffman and Ms. Eason on 9-13-19). See *Docs 30-4 and 49-4 at pp. 5, 8, 9, 11, 12, 14*. Thus, the Court need not discuss those three grievances further.

[7]Because Farr and Doe have not yet been served, they did not join in the other Defendants' Motion for Summary Judgment on the exhaustion issue. However, as a matter of law, all of the arguments by the other Defendants in support of Guess's failure to exhaust his administrative remedies are *equally applicable* to the claims Guess has asserted against Farr and Doe.

because: (1) he gave verbal consent for Dr. Farr to treat his injury; and (2) Dr. Farr was licensed and trained to provide the medical care he administered to Guess. *Id. at 2*. Guess appealed. At Step Three, Grievance TU-19-00703 was rejected as *untimely* because Guess initiated the grievance process more than 15 days after July 23, 2019, the date of the incident giving rise to the informal resolution. *Id. at 1*.

Under the ADC's grievance procedure, Guess was required to submit an informal resolution, within fifteen days of the challenged conduct. *Doc. 30-1*, ADC Adm. Dir. 14-16, at p. 5; *Doc. 30-2*, Adm. Dir. 19-20, at p. 6; *Doc. 30-3*, Adm. Dir. 19-34 at p. 7. Instead, Guess waited twenty-seven days before initiating the grievance process by filing the Step One informal resolution.

Thus, at Step Three, Grievance TU-19-00703 was denied on *procedural grounds*, without a final decision being rendered on the merits. Accordingly, because Guess failed to *properly exhaust* CU-19-01333, as required by the PLRA, he cannot rely on that grievance to establish that he exhausted his administrative remedies on the § 1983 claim that he now asserts against Farr.

      **(b)**    **Grievance TU-19-00875 was exhausted *after* Guess filed this lawsuit**

On October 10, 2019, Guess filed a Step One informal resolution, later designated Grievance TU-19-00875, complaining that, in their medical reports describing the Guess's injury, Farr, Chisom and Moore had understated the depth and length of his wound. *Id. at p. 20*. At Step Two, the Health Services

10

Administrator found the grievance to be without merit. *Id. at p. 16*. Guess appealed. At Step Three, the Deputy Director issued his final decision affirming the denial of the grievance *on January 7, 2020*. *Id. at p. 15*.

Guess filed this lawsuit on November 20, 2019, over six weeks *before* the final Step 3 decision denying Grievance TU-19-00875. The Eighth Circuit has made it clear that must fully and completely exhaust a grievance *before* filing a § 1983 claim based on that grievance. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed *at the time of filing*, dismissal is mandatory.") (emphasis added); *Mosley v. Correctional Care Solutions,* 671 Fed. Appx. 401, 402 (8th Cir. 2016) (dismissal for failure to exhaust was proper where prisoner "filed a pertinent grievance that was ultimately exhausted after he initiated this [§ 1983] action").

Because Guess filed this lawsuit *before* receiving the Step Three decision denying Grievance TU-19-00875, he cannot rely on that grievance to establish that he properly and fully exhausted his administrative remedies on the claims he is now asserting against Farr, Chisom and Moore.

   **(c) Grievances TU-19-00928 and TU-19-00937 were also rejected on procedural grounds and not properly exhausted**

On November 1, 2019, Guess filed a Step One informal resolution, later designated Grievance TU-19-00928, complaining that he was being "treated unfairly" and retaliated against by WellPath staff for filing grievances related to his

11

July 23, 2019 knee injury. *Doc. 30-4 at pp. 23*. Guess proceeded to Step Two, on November 4, 2019. The ADC Inmate Grievance Coordinator advised Guess that, because it was a medical grievance, it had been forwarded to the Health Services Administrator for a response, and Guess should receive a response to the grievance by December 6, 2019. *Id. at p. 22, 23*. On December 9, 2019, Guess filed a Step Three appeal in which he stated that he was proceeding to Step Three because he had heard nothing back from the Health Services Administrator on his Step Two grievance. *Id. at p. 22*.

On December 17, 2019, the Deputy Director denied Guess's Step Three Appeal, on procedural grounds, because Guess had failed to include the required copy of the Unit Level Grievance Form (Attachment I) with the appeal. Thus, Guess failed to properly exhaust Grievance TU-19-00928.

On November 5, 2019, Guess filed a Step One informal resolution, later designated Grievance TU-19-00937, complaining that he was being 'treated unfairly" and retaliated against by WellPath staff for filing grievances related to his July 23, 2019 knee injury. *Id. at p. 26*. This appears to be the *same matter* that Guess grieved four days earlier in Grievance TU-19-00928.

On December 10, 2019, the Health Services Administrator, as the Step Two decision maker, found the grievance to be without merit. *Id. at p. 26*. Guess initiated a Step Three appeal.

On December 17, 2019, almost four weeks *after* Guess filed this lawsuit, the Deputy Director denied Guess's Step Three, on procedural grounds, because Guess had failed to include Attachment II or Attachment IV with his appeal. Thus, Grievance TU-19-00937 was also rejected, at Step Three, on procedural grounds.[8] Having failed to properly exhaust this grievance, Guess cannot rely on it to establish that he properly exhausted his administrative remedies against WellPath or any of its employees.

### C. Defendants Joshua Farr and Jane Doe

As previously explained, Defendants Farr and Doe did not join in the Defendants' Motions for Summary Judgment because Farr has not yet been served and Doe has been neither identified nor served. However, the legal conclusions regarding Guess's failure to exhaust available administrative remedies as to the claims he has asserted in this action against the other Defendants equally apply to the claims he has asserted against Farr and Doe.

---

[8] ADC Administrative Directives 19-20 and 19-34 *explicitly state* the following documents must be attached to a prisoner's Step Three appeal:
> . . . the inmate must include the original (no photocopies) Unit Level Grievance Form (Attachment I), which describes the matter originally grieved, and either the Warden/Center Supervisor Decision Form (Attachment III), the Health Services Response to Unit Level Grievance (Attachment IV), or the Acknowledgement or Rejection of Unit Level Grievance (Attachment II) if the inmate is asserting the grievance was improperly rejected or if the inmate did not receive a response or extension within the applicable timeframe. . . .

*Docs. 30-2 and 30-3, at p. 12*; *see also Doc. 30-1*, ADC Adm. Dir. 14-16 at p. 11 (containing similar language).

13

Thus, Guess' claims against Farr and Doe also should be dismissed, without prejudice, based on his failure to properly exhaust his administrative remedies in connection with those claims. *See Angelo Iafrate Constr. LLC v. Potashnick Constr.*, Inc. 370 F.3d 715, 722 (8th Cir. 2004) (explaining that "if an answering party asserts a defense on the merits that equally applies to the other defendant, the success of the defense operates as a discharge to all the defendants"); *Owens/Mitchell v. Burl,* Case No. 4:14CV00126 DPM (E.D. Ark. May 7, 2014) (unpublished opinion) (holding, in a prisoner § 1983 action, that the "non-moving Defendants" were entitled to dismissal based on a statute of limitations defense that was raised by other defendants), *aff'd without comment*, 2014 WL 1820639 (8th Cir. Sept. 29, 2014) (unpublished decision).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     The Motion to Dismiss (*Doc. 24*) filed by Defendants Hurst and Page be GRANTED.

2.     The Motion for Summary Judgment (*Doc. 29*) filed by Defendants Chisom, Moore and WellPath be GRANTED.

3.     The Motion for Summary Judgment (*Doc. 48*) filed by Defendant Onyia-Murphy be GRANTED.

4. All claims asserted against Defendants Hurst, Page, Chisom, Moore, WellPath, Onyia-Murphy, Farr and Doe be DISMISSED WITHOUT PREJUDICE.

5. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 22nd day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE